J. C. Lomax v. The State.

No. 20033. Delivered January 25, 1939.

The opinion states the case.

*A. A. Turner,* of Conroe, *J. W. Simpson, Jr.,* of Austin, and *Geo. B. Darden,* of Conroe, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, death.

The State relied upon appellant's confession to connect him with the commission of the offense. Appellant did not testify. The court failed to submit the issue as to whether the confession was voluntarily made by the appellant. The matter is properly before this court for review. We quote from the testimony set out in bill of exception No. 7, as follows:

"C. B. Wages, Deputy Sheriff of Montgomery County, Texas, testified that he arrested the defendant, J. C. Lomax, and put him in the Conroe jail on March 31st, 1938; that the next morning the defendant was taken from his cell, escorted to the grand jury room and there questioned from 20 to 30 minutes by C. B. Wages, and Gordon Hurst, Deputy Sheriff, and R. D. Holliday and Mr. Williamson, Texas Rangers, concerning the facts of the alleged offense with which he was accused. That not being satisfied with the statements made by defendant that morning, said aforesaid officers went to defendant's cell, made him strip off naked, and stand up before them about an hour and was again questioned by all of them, to no avail; that again about 8:00 that night the defendant was carried from his cell to the grand jury room and kept there continuously until after midnight, and while in the grand jury room this second time, the defendant was questioned in 40-minute intervals by each of three Texas Rangers and two Deputy Sheriffs who were present, and by the admitted testimony of the Deputy Sheriff, C. B. Wages, and Texas Ranger, R. D. Holliday, both being attesting witnesses to said statement, the defendant was not allowed to sit down during the two 40-minute periods while being questioned by C. B. Wages and R. D. Holliday; that somewhere in the neighborhood of midnight, the District Attorney, W. C. McClain, was called to come to his office. He was told by Captain R. D. Holliday that the defendant was ready to make a statement and/or confession admitting his guilt; that the officers then carried the defendant, J. C. Lomax, to the District Attorney's office and after some 2 or 3 hours in the District Attorney's office, and in the presence of the same officers who were in the grand jury room with the defendant, the purported 2-page confession was extracted from defendant and signed by him."

We are constrained to hold that the court should have given a proper instruction to the jury, requiring them to believe that the confession was voluntary before it could be considered by them.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.